[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12696

Non-Argument Calendar

_____

PATRICIA A. JOHNSON,

Plaintiff-Appellant,

*versus*

WALT DISNEY PARKS AND RESORTS U.S., INC.,
a Florida profit corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 6:19-cv-02139-GAP-EJK

———————————

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Patricia A. Johnson appeals the district court's grant of summary judgment to Walt Disney Parks and Resorts US, Inc. ("Disney") on her claim of disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.[1] Johnson alleged that Disney discriminated against her when it terminated her after denying her requests for a reasonable workplace accommodation.

On appeal, Johnson challenges the district court's summary judgment ruling on two grounds. First, she argues that the court erred in concluding that she failed to demonstrate she was disabled. Second, she contends that the district court erred in concluding that she was not a "qualified individual" under the ADA, 42 U.S.C. § 12111(8). After careful review, we affirm.

———————————

[1] Johnson also brought a handicap discrimination claim under the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes §§ 760.07, 760.10(1)(a), 760.11. Because handicap discrimination claims under the FCRA are analyzed using the same framework as disability claims under the ADA, we need not separately address the FCRA claim. See Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263–64 (11th Cir. 2007). It succeeds or fails for the same reasons as the ADA claim.

## I.    BACKGROUND

In 2014, Johnson injured her neck in a car accident. Her injuries included bulging and herniated discs in her cervical vertebrae. One year later, Johnson began working for one of Disney's retail stores as a part-time retail cast member. In this position, her responsibilities included assisting guests, operating the register, stocking merchandise, and sorting inventory. It is undisputed that the position required standing for two to three hours per shift. When Johnson was hired, the store location where she worked, Disney Springs, was undergoing extensive construction and renovation. As a result, the store's parking lot was closed. Employees, including Johnson, were expected to park in a parking lot located on the other side of the Disney Springs property and walk about a mile to the store. Employees with a disability placard, however, were permitted to park in a parking lot closer to Johnson's assigned work location.

During her work shifts, Johnson suffered from pain and numbness in her right leg. She attributed this pain to her previous car accident, the walk from the parking lot, and having to stand as she worked.

After working at this job for about a week, Johnson spoke with her store manager to discuss her pain. The store manager directed her to submit a "Physician's Certification for Employee Accommodations Form" to Disney. Johnson completed the form, attaching a form from a physician. It is undisputed that she had the following restrictions: she needed (1) a 15-minute seated break after

standing for three hours and (2) a break after walking 100 yards.[2] Ultimately, Disney placed her on medical leave and assigned her a case advocate. While Johnson was on leave, her case advocate reviewed 18 jobs to determine whether Johnson could be reassigned. In addition to the 18 jobs, Johnson inquired about a personalization artist position; however, the position was seasonal, and Johnson's collective bargaining agreement did not permit her to be placed in a seasonal position. She also inquired about a cast member wardrobe position, but the position was not vacant. Johnson was not reassigned to any position.

Instead, she remained on medical leave. Disney's policy permits employees to take a maximum of 12 consecutive months of medical leave. After Johnson was on medical leave for more than 12 months, Disney sent her a letter advising that she would be terminated unless she contacted the company with a date when she could return to work. Johnson did not contact Disney and was terminated.

Based on her termination, Johnson brought a disability discrimination claim under the ADA. She alleged that she was disabled because she suffered from pain from her spinal injuries that substantially limited her ability to walk and stand and that, with

---

[2] The parties disagree over whether the standing and walking restrictions were two separate and distinct restrictions or, as Johnson argues, were intertwined, meaning Johnson could not stand for more than three hours *and then* walk for 100 yards. Resolving this dispute is unnecessary to our analysis; thus, we decline further examination.

reasonable accommodations, she was qualified to perform the essential functions of a reassigned job.

Disney moved for summary judgment. The district court granted the motion, ruling that Johnson failed to come forward with sufficient evidence to show that (1) she was substantially limited in her ability to walk and stand and (2) she was a "qualified individual" as defined by the ADA. Johnson moved for reconsideration, and the district court denied her motion. Johnson appeals the district court's summary judgment order.

## II.    STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, there must be sufficient evidence from which the jury could reasonably find for the plaintiff; the existence of a scintilla of evidence in support of the plaintiff's position is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). At the summary judgment stage, initially Disney need only point out the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to Johnson to go beyond the pleadings and "designate specific facts showing

that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

## III.    DISCUSSION

Johnson's discrimination claim arises under the ADA. She contends that the district court erred in concluding that she had not made out a prima facie claim of ADA discrimination because she was not (1) substantially limited in her ability to walk and stand or (2) a qualified individual. Because Johnson failed to introduce evidence showing that she was a qualified individual, we conclude that the district court did not err in granting summary judgment on her ADA claim.[3]

The ADA prohibits employers from discriminating against qualified individuals on the basis of disability in regard to the discharge of employees or other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). To establish a claim of discrimination, an employee can show an employer's intent to discriminate through direct or circumstantial evidence. *See Batson v. Salvation Army*, 897 F.3d 1320, 1328–29 (11th Cir. 2018). In the absence of direct evidence of an employer's intent to discriminate, we apply the burden-shifting *McDonnell Douglas* framework.[4] *Id.* at

---

[3] Because we conclude that Johnson was not a qualified individual, we need not decide whether the district court erroneously concluded that she also failed to establish that she was disabled.

[4] *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

1328–29. Under this framework, the plaintiff has the initial burden to establish a prima facie claim of disability discrimination. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

To establish a prima facie claim of employment discrimination under the ADA, "a plaintiff must show that at the time of the adverse employment action, she (1) had a disability, (2) was a qualified individual, and (3) was subjected to unlawful discrimination because of her disability." *Batson*, 897 F.3d at 1326. Under the ADA, a qualified individual is one who "satisfies the requisite skill, experience, education and other job-related requirements of the employment position . . . and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m); *see* 42 U.S.C. § 12111(8).

If the plaintiff establishes a prima facie claim, we apply a presumption that discrimination occurred. *See Smelter v. S. Home Care Servs. Inc.*, 904 F.3d 1276, 1288 (11th Cir. 2018) (applying such a presumption in the Title VII context). "The burden then shifts to the employer to rebut the presumption by articulating a legitimate, nondiscriminatory reason for its actions." *Id.* If the employer meets this burden of production, the presumption raised by the prima facie claim is rebutted, and the burden shifts back to the employee to show that the employer's proffered reason was actually a pretext for illegal discrimination. *Id.* At issue here is whether Johnson made out a prima facie claim by establishing that she was a qualified individual. We agree with the district court that the answer is no.

Johnson argues that the district court erred because she introduced evidence showing that she was qualified for the personalization artist position. Disney responds that Johnson was unqualified for the personalization artist position for three reasons. First, it asserts that she was not qualified for the personalization artist position because it was a seasonal position, and under the relevant collective bargaining agreement, Disney could not place her into a seasonal position.[5] Second, it argues that the position required full-

---

[5] Johnson also argues, for the first time on appeal, that the district court erred by relying on the declaration of Christine Neuberg, a Disney Employee Relations Manager, in granting summary judgment. The Neuberg declaration referred to two external documents—a collective bargaining agreement and an employee policy handbook—which Johnson maintains needed to be introduced into the record. She argues that the references without the documents themselves violated the best evidence rule. As an initial matter, she did not object or raise this issue before the district court. Because we generally do not consider arguments raised for the first time on appeal, and we see no exceptional circumstances to warrant disregarding this rule, we consider Johnson's argument abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (noting that arguments raised for the first time on appeal are generally abandoned unless exceptional circumstances exist). But even if we were to consider the issue, we would conclude that the use of the declaration was not improper because at the summary judgment stage, "we may consider . . . evidence which can be reduced to an admissible form" at trial. *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005); *see* Fed. R. Civ. P. 56(c)(3). There is no indication that Disney could not produce the two documents at trial.

time availability, and Johnson had only part-time availability.[6] Third, it contends the position required training, which Johnson was not able to complete while on a medical leave per company policy. In the district court, Johnson offered no evidence to refute any of Disney's arguments; on appeal, she merely argues that Disney was aware of the personalization artist position and her interest in the position. Thus, we conclude that the district court did not err in determining that Johnson was not qualified for the personalization artist position.[7]

## IV.    CONCLUSION

Because we conclude that the district court did not err in determining that Johnson failed to demonstrate that she was a

---

[6] Johnson argues that she was "ready, willing, and able to accept the scheduling requirements" of the personalization artist position and directs us to portions of her affidavit as evidence of her availability to work full-time. Appellant's Reply Brief at 18. But we see no indication in the affidavit that she was available to work full-time.

[7] Johnson argues on appeal that she also was qualified for her original job and for a floral sales position. But she did not argue in the district court proceedings that she was qualified for these positions. *See Access Now, Inc.*, 385 F.3d at 1332. In the district court proceedings, Johnson did argue that she was qualified for a cast member wardrobe position. The district court rejected her argument, however, and concluded that she was not qualified for that position. On appeal, Johnson has not argued that she was qualified for the position; thus, she has abandoned this argument as well. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (noting that issues not clearly raised in the briefs are considered abandoned, even if properly preserved at trial).

qualified individual as defined by the ADA, we affirm the district court's order granting summary judgment to Disney.[8]

**AFFIRMED.**

---

[8] To the extent that Johnson appeals the district court's denial of her motion for reconsideration, the district court did not abuse its discretion in denying her motion for the same reasons it did not err in granting summary judgment.